IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CAUSE NO. 4:12-cv-264 |
| PENSKE TRUCK LEASING CO., L.P., | § | jury |
| FREIGHTLINER, LLC, DAIMLER | § | |
| TRUCKS NORTH AMERICA LLC, and | § | |
| GALLAGHER BASSETT SERVICES, INC. | § | |
| | § | |
| Defendants | § | |

### DAIMLER TRUCKS NORTH AMERICA LLC'S MOTION TO DISMISS

TO THE HONORABLE DISTRICT COURT JUDGE:

Daimler Trucks North America LLC ("DTNA"), Defendant in the above entitled and numbered cause, makes and files this its Motion to Dismiss for Failure to State a Claim, and would respectfully show the Court as follows:

**I.
SUMMARY**

1. Plaintiff has not plead any viable causes of action against DTNA. Mr. Drake's Complaint affirmatively demonstrates that all of his alleged causes of action other than breach of warranty are time barred.[1]

2. Statute of limitations notwithstanding, Plaintiff has not plead sufficient facts to entitle him to relief on his intentional infliction of emotional distress or Deceptive Trade Practices Act ("DTPA") claims.

---

[1] The warranty claims are also barred by the statute of limitations, but this fact is not established from the Complaint alone.

3.  For the one remaining claim, DTNA's limited express warranty bars Mr. Drake's warranty claims as a matter of law. Accordingly, judgment should be granted in DTNA's favor dismissing all of Plaintiff's claims.

## II.
## STATUTE OF LIMITATIONS

4.  Plaintiff's causes of action for strict products liability, negligence, DTPA violations, and intentional infliction of emotional distress are time barred. Texas substantive law governs Mr. Drake's right to recover on his state law claims in this diversity action. *See Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008). And Texas law establishes a two-year limitations period for these four causes of action.[2]

5.  Mr. Drake states that his injury occurred on August 1, 2009.[3] He pleads facts showing that he knew of the injury immediately and informed Penske's employees of that injury just after it occurred.[4] He has not plead any facts that could toll limitations.

6.  This establishes that Plaintiff's causes of action related to that injury accrued on August 1, 2009. *See e.g., S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Mr. Drake's DTPA and intentional infliction of emotional distress allegations against DTNA all relate to these alleged physical injuries and accrue on the same date.[5]

7.  Based upon this August 1, 2009 accrual, the two year statute of limitations for these causes of action—strict products liability, negligence, DTPA, and intentional infliction of emotional distress—expired in August 2011. Plaintiff waited until April 11, 2012 to file suit.[6]

---

[2] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2010); *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999) (strict products liability); *KPMG Peat Marwick v. Harrison Co. Hous. Fin. Corp.*, 988 S.W.2d 746, 749, 750 (Tex. 1999) (negligence and DTPA); *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 619 (Tex. 1999) (intentional infliction of emotional distress).
[3] *See* Pl's Original Compl., attached as Exhibit 1, ¶¶ 16, 25-29, 77.
[4] *See id.*
[5] *See id.* ¶¶ 62, 66-70, 75.
[6] *See id.* at 1.

Therefore, the facts plead by Mr. Drake conclusively establish DTNA's limitations defense on all of these causes of action, and they should be dismissed with prejudice.

## III.
### PLAINTIFF HAS NOT MET HIS PLEADING BURDEN

**A. Plaintiff has not plead deceptive acts by DTNA in connection with Plaintiff's transaction. Additionally, this is an ordinary personal injury case not covered by the DTPA.**

8. The DTPA allows consumers to bring an action against sellers or lessors of property for certain deceptive conduct. *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).[7] A plaintiff cannot recover against an upstream manufacturer or seller under the DTPA unless misrepresentations or deceptive acts were committed "in connection" with the plaintiff's transaction. *See Armstadt*, 919 S.W.2d at 650. Additionally, the DTPA does not apply to ordinary claims for bodily injuries. Tex. Bus. & Com. Code § 17.49(e).

9. Mr. Drake has not alleged any deceptive acts by DTNA.[8] Mr. Drake conclusively alleges that DTNA acted deceptively in selling an unsafe vehicle without any facts that would establish a right to relief above a speculative level.[9] But conclusory allegations do not meet the pleading burden. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) Plaintiff has not alleged DTNA engaged in any deceptive act or that he relied on a deceptive act.

10. Seemingly, Plaintiff is attempting to assert that DTNA made an actionable non-disclosure by failing to inform him of alleged defects with the vehicle.[10] Even if the pleadings met Mr. Drake's pleading burden, the alleged "nondisclosure" does not present a viable claim for relief because DTNA was not part of Plaintiff's lease transaction and Mr. Drake does not

---

[7] The elements of a DTPA action are "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).
[8] *See* Pl.'s Original Compl. ¶¶ 63-70.
[9] *See id.* ¶ 69.
[10] *See id.* ¶¶ 66-68.

demonstrate that the non-disclosure was intended to induce him to enter into that lease.[11]  He cannot show this intent because DTNA was not part of the lease transaction.

11.     Mr. Drake also filed a claim for ordinary bodily injuries.[12]  The DTPA does not apply to ordinary claims for bodily injuries.  *See* Tex. Bus. & Com. Code § 17.49(e).

12.     Lastly, Mr. Drake has not alleged any facts to demonstrate how an upstream manufacturer's mere sale of a vehicle that he later leased from co-defendant Penske presents a viable DTPA claim.  Plaintiff has failed to plead facts demonstrating his right to relief.  His Deceptive Trade Practices Act claims against DTNA should be dismissed with prejudice.

### B. Plaintiff is impermissibly attempting to bootstrap an intentional infliction of emotional distress cause of action onto ordinary personal injury claims.

13.     Mr. Drake has not plead a viable intentional infliction of emotional distress claim because he has not alleged facts establishing the elements of the cause of action.  Alleged distress that is "incidental" to another (alleged) tort is not recoverable under an intentional infliction of emotional distress theory.

14.     Intentional infliction of emotional distress is a "gap-filler" tort and may only be brought when other recognized torts could not apply.[13]  *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).  A plaintiff cannot recover for emotional distress "incidental" to another tort under an intentional infliction of emotional distress theory, and a "claim for intentional infliction of emotional distress will not lie if emotional distress is not the intended or primary consequence of the defendant's conduct."  *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999).

---

[11] Tex. Bus. & Com. Code § 17.46(24).
[12] *See* Pl.'s Original Compl. ¶¶ 15, 66-70.
[13] "To recover damages for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999).

15. Plaintiff has not plead facts showing even a mere possibility of misconduct. He has not plead any **contact** between himself and any member of DTNA. Mr. Drake's bare allegation of "wrongly marketing" the vehicle and generic complaints about deceptive acts do not provide any facts establishing the required elements of this claim— intentional or reckless conduct that was so extreme and outrageous that it caused the plaintiff severe emotional distress.[14]

16. Also, Plaintiff has not plead facts showing DTNA intended to cause him emotional distress.[15] The claimed emotional distress is—at best—incidental to an underlying personal injury tort and is not viable under Texas law. *See id.*

17. Plaintiff has not alleged any interaction and, certainly, no outrageous actions undertaken by DTNA's agents or employees toward Mr. Drake. He has merely plead ordinary personal injury claims and is attempting to bootstrap an "incidental" emotional distress claim onto the personal injury claims. This is impermissible under Texas law and does not present a claim upon which relief can be granted. *See id.*

## IV.
## DTNA'S EXPRESS LIMITED WARRANTY BARS PLAINTIFF'S WARRANTY CLAIM

18. Plaintiff's warranty claim is barred by DTNA's express limited warranty. Texas law allows a manufacturer to disclaim all implied warranties when selling a product. *See* Tex. Bus. & Com. Code Ann. §§ 2.316. These warranty disclaimers bind downstream purchasers and users of the product. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship,* 146 S.W.3d 79, 88 n.35 (Tex. 2004); *Welwood v. Cypress Creek Estates, Inc.*, 205 S.W.3d 722, 728-29 (Tex. App. 2006, no pet.).

---

[14] *See id.* ¶ 75
[15] *See id.*

19. Mr. Drake alleges DTNA breached an implied warranty.[16] But DTNA disclaimed all implied warranties, and accordingly, did not impliedly warrant this product.[17] *E.g., Welwood*, 205 S.W.3d at 728-29.

20. DTNA made no warranties to Plaintiff that it could breach. Mr. Drake, therefore, cannot recover under a breach of warranty theory, and this cause of action should be dismissed with prejudice.

## V.
### LAW GOVERNING MOTIONS TO DISMISS

21. A defendant may move for immediate judgment on the pleadings when a complaint fails to state a claim for relief upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." *E.g., Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A defendant's motion to dismiss should be granted "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)). Additionally, a motion to dismiss is proper when the complaint affirmatively pleads facts establishing an affirmative defense. *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973); *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009).

## VI.
### PRAYER

Daimler Trucks North America LLC respectfully requests that Plaintiff take nothing by way of his claims against Defendant, that the Court dismiss all claims against DTNA with

---

[16] *See id.* ¶¶ 52-61.

[17] DTNA's Limited Warranty, attached as Exhibit 2. DTNA's attachment of this document is proper, not outside the pleadings, and does not require converting this motion to a motion for summary judgment because the sales documents are central to Plaintiff's causes of action. *See Collins v. Morgan Stanley Dean Whitter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

prejudice, that Defendant be permitted to recover its costs expended on its behalf, and for such further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

                          Respectfully submitted,

                          */s/ Deron L. Wade*
                          **DERON L. WADE (Lead Attorney)**
                          Tex. State Bar No. 24008220
                          dwade@hdbdlaw.com
                          **ROY B. MCKAY**
                          Tex. State Bar No. 24071171
                          rmckay@hdbdlaw.com

                          **HARTLINE DACUS BARGER DREYER, L.L.P.**
                          6688 North Central Expressway, Suite 1000
                          Dallas, TX  75206
                          Telephone:  (214) 369-2100
                          Telecopier: (214) 369-2118

                          **ATTORNEYS FOR DEFENDANT DAIMLER TRUCKS NORTH AMERICA LLC**

## CERTIFICATE OF SERVICE

     I certify that a copy of this Original Answer was served on Plaintiff Drake by Certified Mail, Return Receipt Requested and Defendants Penske Truck Leasing Co., L.P. and Gallagher Basset Services, Inc. by Certified Mail, Return Receipt Requested on May 14, 2012.

                          */s/ Deron L. Wade*