IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC DRAKE | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV264 |
| | § | |
| PENSKE TRUCK LEASING CO., L.P., | § | |
| FREIGHTLINER, LLC, DAIMLER | § | |
| TRUCKS NORTH AMERICA LLC, and | § | |
| GALLAGHER BASSETT SERVICES, INC. | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Penske Truck Leasing Co., L.P.'s Motion for Summary Judgment (Dkt. 104) and the supplement to said motion. (Dkt. 114). Penske has also sought sanctions against Drake (Dkt. 106) and a Motion to Strike Experts (Dkt. 92), as well as a Motion to Dismiss for Lack of Prosecution (Dkt. 116). Also pending before the Court are Plaintiff's motions for summary judgment (Dkts. 95 & 103) and Defendant's related motion to strike (Dkt. 113), and Plaintiff's second request to amend his pleadings, to extend discovery, and for sanctions (Dkt. 111). As set forth fully below, the Court finds that this case should be dismissed and that Plaintiff should take nothing by his claims against Penske.

As to Defendant's Motion to Strike Experts, throughout this case Plaintiff has failed to abide by the Rules of Procedure on numerous occasions. For example, he has designated several doctors as experts but failed to produce either a report or medical records. He designated one doctor after

1

the expert witness  deadline.  When confronted with Penske's objections, he "redesignated" the doctors as fact witnesses.  Plaintiff designated Penske's employee as an expert but furnished no report.  He did the same as to the State Farm representative who investigated his claim.  As to Dr. Marks, Plaintiff did submit an office narrative.  Of course, this visit was well after the deadline for designating expert witnesses.  It appears that, for most of the doctors designated, no records were ever produced, although such would have fairly been contemplated by the initial disclosure. Although treating physicians are excused from the requirement that they produce a written report, since no medical records have been provided, such physicians may not testify.

Plaintiff has waited too late to produce records that should have been produced almost eighteen months ago.  It is hard for Penske's counsel to subpoena medical records when the identity of Plaintiff's doctors were not disclosed until the twelfth hour.  Further, there is no designation regarding what Plaintiff's reasonable and necessary past medical expenses are, if any, nor is there a designation as to the reasonable and necessary future medical expenses.  *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004).  To the extent necessary in making the Court's findings herein, Penske's Motion to Strike Expert Witnesses (Dkt. 92) is GRANTED as to all designated witnesses since no records were produced (or authorizations furnished), and no information was furnished in disclosures which could alert Penske early on to  the numerous doctors Plaintiff has seen over the years.

As to the Motion for Sanctions (Dkt. 106), Penske argues that Plaintiff has failed to disclose relevant information in his disclosures and in responses to Defendant's Request for Production and, only after the discovery deadline, produced photographs of the truck he claims was involved in his

2

suit.  Although Plaintiff admits to numerous tape recordings of employees and others, Penske claims he has produced only one recording.  Plaintiff claims to have recorded the events of his own accident.  Penske claims that Plaintiff's conduct amounts to nothing less than discovery abuse and seeks sanctions pursuant to Federal Rule of Civil Procedure 37.

It does not appear that Plaintiff has filed any direct response to this request for relief.  The Court notes that, in his response to Penske's Motion for Summary Judgment, Plaintiff admits to having a transcribed recording of a Richard Reynolds (*see* Dkt. 111), yet, according to Penske, this has never been produced.

Penske has also filed a motion to dismiss this case for lack of prosecution (Dkt. 116).  Penske claims that Plaintiff has failed to provide any information necessary for the final pretrial order, even though Penske has complied.  Under the Court's scheduling order, Plaintiff was to file the Joint Final Pretrial Order by August 19, 2013.  *See* Dkt. 30.  Plaintiff filed nothing by the deadline and has filed nothing since July 29, 2013.

As to the sanctions motion, the Court notes that Plaintiff originally filed suit in the Eastern District of Texas, Marshall Division.  In that case, the Magistrate Judge denied Plaintiff's Motion to Proceed *In Forma Pauperis* (No. 2:11cv183).  Plaintiff then filed a Motion to Transfer Venue, contending that the underlying events to his accident occurred in Dallas County.  However, since no filing fee was paid, the case was closed.

About the same time, United States District Judge David Folsom, in three separate cases filed by Plaintiff in the Eastern District of Texas (Nos. 2:11cv318; 2:11cv515 and 2:11cv516), noted in an order that Plaintiff had filed almost a dozen cases in the Eastern District of Texas.  The Court

found that Plaintiff was a vexatious litigant and that, before proceeding again in the Eastern District *In Forma Pauperis*, he would have to seek permission.  As Judge Folsom noted, District courts "have an obligation to protect the orderly administration of justice and prevent abuse of the courts' process by frivolous and vexatious litigants." *See* Dkt. 11 in 2:11cv318, Dkt. 13 in 2:11cv515, and Dkt. 14 in 2:11cv516 (*citing Ruston v. Dallas County, Texas, et. al.*, 2008 WL 958076, *2 (N.D. Tex. 2008)).

Plaintiff did not file this suit in the Eastern District.  It was removed from Denton County, and Plaintiff has not sought *In Forma Pauperis* status.  Therefore, he was not in violation of Judge Folsom's order as it is narrowly read.  At the inception of this case, however, the undersigned referenced Judge Folsom's prior order and cautioned Plaintiff that any failure to respond to Court orders or other case activity in this matter would result in an immediate recommendation that the matter be dismissed.  *See* Dkt. 9.

Other courts in different districts have taken notice of the numerous suits this Plaintiff has filed.  No district is immune from his filings.  United States Magistrate Judge Bemporad cited to at least twenty cases where Plaintiff sought *In Forma Pauperis* status, often filing multiple suits against the same defendants in different districts, or different divisions of the same district.  *See* Dkt. 4 in *Eric Drake v. Travelers Indemnity Company and Consumer County Mutual Insurance Company*, 5:12cv346 in the Western District of Texas, San Antonio Division.

Before Plaintiff's Marshall case was closed based on Plaintiff's failure to pay the filing fee, Plaintiff filed this suit in state court against Penske and Daimler Trucks of North America and it was subsequently removed here.  Plaintiff has since dismissed Daimler, claiming that Penske hid the ball

4

and misled him into thinking that he had rented a Freightliner when in fact he now claims to have rented an International Harvester.  He claims that this fact was not known to him.  However, when he first filed the Marshall lawsuit, he named Navistar which was formerly known as International Harvester.  As stated, Plaintiff filed suit in Denton County, although he is a resident of Dallas County and represented in court filings in Marshall that all the events he complains about occurred in Dallas County.

So why file in Denton County?  Plaintiff was barred from filing in Dallas County without permission because he was deemed to be a vexatious litigant.  His appeal of that finding was dismissed for failure to pay a filing fee.  *See Drake v. Consumers County Mut. Ins. Co.*, 2010 WL 3749499 (Tex. App – Dallas, 2010, no writ).[1]  Therefore, in at least two jurisdictions, there is a judicial finding that this Plaintiff is a vexatious litigant.  The Court notes that Plaintiff's filings also include districts within Louisiana, and his most recent appeal to the Fifth Circuit simply sought to rehash frivolous claims already considered by the Fifth Circuit.  *See Drake v. United States of America*, No. 13-30222, 2013 WL 4400893 (5th Cir. August 16, 2013).  In the end analysis, after reviewing the many cases filed by Plaintiff, the common theme running through each is that anyone who does not see matters as he does is either discriminatory towards him or conspiring against him.

---

[1] Plaintiff claims that he prevailed in the vexatious suit in Dallas County.  The 5th Court of Appeals remanded his case against Andrews determining that Andrews failed to carry her burden to show there was no reasonable probability that Plaintiff would prevail against Andrews.  *Drake v. Andrews*, S.W. 3d 370 (Tex.App.– Dallas, 2009 pet. denied).  Thereafter, the 44th District Court in Dallas County declared him to be a vexatious litigant in the *Consumers County* case.  As noted, he appealed but the case was dismissed for his failure to pay a filing fee.

The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir. 1990).  This discretion, however, is limited.  "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.*; *see also Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514 (5th Cir. 1985) (holding that under Rule 37(b)(2), a "dismissal is proper only in situations where the *deterrent* value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.") (emphasis added); *Bluitt v. Arco Chem. Co.,* 777 F.2d 188, 190 (5th Cir. 1985) (same).  As noted, Plaintiff has not responded to the various sanctions allegations lodged against him by Penske.

The Court also takes notice of Plaintiff's conduct throughout these proceedings and in other proceedings in this District in trying to determine an appropriate remedy.  For example, the Court notes that Plaintiff frequently files in forums which are improper venues.  When his case encounters some legal impediment, he then files for a change of venue claiming that venue is improper.  This is a complete waste of all courts' resources.  Often he sues parties for the same perceived conduct in different districts, as noted by Magistrate Judge Bemporad.  He is a frequent frivolous filer.  No party or judge is immune from his contemptuous filings and threats.

The Court finds that dismissal with prejudice is the only remedy that will stop this conduct, at least in this Court.  And, dismissal may serve as deterrent to similar behavior in other courts – or at least hopefully so.

Further, as noted by Penske, Plaintiff has not participated in filing the requisite pre-trial materials.  This alone is grounds for a dismissal.  Federal Rule of Civil Procedure 41(b) authorizes

6

the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b).  "A dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).  A dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*  Additionally, the Fifth Circuit looks for at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (internal quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).  Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994).  However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors that must be present before a district court may dismiss a case as a sanction for violation of a discovery order: (1) the violation must result from willfulness or bad faith and be accompanied by "a clear record of delay or contumacious conduct;" (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) there must be no less drastic sanction that would substantially achieve "the desired deterrent effect." *Id.* at 1380–81(citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030,

1032 (5th Cir. 1990).

Plaintiff has not contested the fact that he has failed to file his pretrial materials.  His conduct is wilful.  Just as he failed to meaningly participate in framing a scheduling order and had to be warned by the Court, he again has failed to comply.  *See* Dkt. 28.   The only way to reach the Plaintiff is by a phone number he lists or a P.O. Box address.  The Court notes that several pieces of correspondence have been returned to the Court simply for the fact that Plaintiff will not pick up his mail.  *See* Dkts. 100 & 101.  Plaintiff has taken no action in the case for more than six weeks, despite the impending final pretrial conference and trial scheduling hearing before the District Judge, and despite the Court's clear pretrial deadlines.  *See* Dkt. 30.

The Court finds that the sum of Plaintiff's wilful violations of the Rules and this Court's orders are attributable only to him.  The continued violations prejudice Penske.  Penske has had to incur attorneys' fees in litigating this matter with Plaintiff.  Plaintiff failed to participate in mediation with the originally assigned mediator, requiring Court intervention and needless attorney time.  *See* Dkts. 70, 86, 87, 88, 97 & 98.  Plaintiff has even gone so far to stop his own deposition after two hours claiming "mental fatigue."  *See* Dks. 81, 86, 88 & 99.  He plays by his own rules, and the Court has let this farcical conduct go on far too long.

Therefore, the Court recommends that the District Judge dismiss this case with prejudice and that any further suits filed by this Plaintiff in this District whether removed or not, *In Forma Pauperis* or not, be prohibited unless Plaintiff seeks permission from the Chief Judge of this District, and furnishes under oath a list of any similar filings, present or past, and provides satisfactory evidence that the case has arguable merit and that the District and Division are a proper venue for

the dispute.  Alternatively, should the case not be dismissed with prejudice, the Court recommends that, as a sanction, Plaintiff not be allowed to call any witnesses not timely designated as required by the pretrial order.[2]

Moreover, as set forth below, the Court finds that, even if dismissal sanctions were not the appropriate remedy, summary judgment for Penske would also be proper.

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).  In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).  The moving party,

---

[2]Defendant Penske Truck Leasing Co., L.P.'s Objections to the Summary Judgment Evidence Attached to Plaintiff's Response to Penske's Motion for Summary Judgment and Motion to Strike (Dkt. 113) is also GRANTED.  Borrazo was not designated as an expert, Plaintiff's experts have been ordered stricken, and the Court has not considered the affidavit of Borrazo in its findings herein.

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

This is a suit for alleged physical injuries plaintiff claims he sustained while driving a truck rented from Penske. According to Plaintiff, the accident was audio recorded and he was injured when the seat allegedly gave way when he went over a bump in the road.[3]

---

[3] Plaintiff has also claimed to have sustained injuries in other vehicle accidents over the years. *See Eric Von Drake v. Roger Kelly et. al.*, 5:00 cv276 (Eastern District of Texas, Texarkana Division; *Drake v. St. Paul Travelers Insurance et. al.*, 6:08 cv301 (Eastern District of Texas, Tyler Division) (in which Drake admits to having "several motor vehicle accidents over a period of time of ten years." Dkt. 1 at ¶ 3.2 of Complaint); *In Re Eric Von Drake*, 1:08mc717 (Western District of Texas, Austin Division); *Drake v. Travelers Indemnity Company*, *Consumer County Mutual Insurance Co.*, 2:11cv318 (Eastern District of Texas, Marshall Division); *In re*

Two causes of action remain against Penske: negligence and breach of implied warranties. As to the latter, Penske claims that it did not breach any implied warranties of merchantability.

Plaintiff's first hurdle is whether he can sue as the lessee.  The only lease (unsigned) before the Court is in the name of M Ministries, not Eric Drake.  The section covering leases and implied warranties does not expressly extend to a third party beneficiary.  *See* TEX. BUS. & COM CODE § 2A.216.

Second, to prove a breach of implied warranty of merchantability, a plaintiff must show, among other things, that when the goods left the manufacturer's possession they were "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy, *i.e.*, because of a defect."  *Plas-Tex, Inc., v U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989). Texas for years has also followed the *Chaq Oil Company* rule in which many courts have held that an implied warranty of merchantability does not arise when a buyer purchases goods knowing that they are used.  *See Chaq Oil Co. v. Gardner Machine Corp.*, 500 S.W.2d 877, 878 (Tex. Civ. App.-Houston – [14th Dist.] 1973, no writ).

According to a statement furnished by Plaintiff to State Farm, he alleges that he rented a Freightliner with a license plate number of 82NXW4.  The contract agreement number is 20847767. The mileage noted on the truck is 128,503 miles – not a new truck.  Therefore, based on the summary judgment evidence before it, the Court finds that, under the circumstances, no fact issue is created and breach of an implied warranty of merchantability is not available.

---

*Eric Drake*, 4:11mc37 (Eastern District of Texas, Sherman Division).

Likewise, any claim for breach of an implied warranty of fitness would also fail in that there was no showing that the truck was not suitable for its intended purpose, *i.e.*, to haul goods.  The fact that the seat may have lowered is not tantamount to a showing that the truck was unfit for its intended purpose.  *See generally Mott v. Red's Safe and Lock Services, Inc.*, 249 S.W.3d 90, 98 (Tex. App.– Houston [1st Dist] 2007, no writ).  To prove a claim for breach of the implied warranty of fitness for a particular purpose this warranty, a plaintiff must show that he had a particular purpose for the goods, that the seller knew about that purpose, and that the buyer relied on the seller's skill or judgment to provide suitable goods.  *See Crobyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353, 365 (Tex. App. – Corpus Christi 1994, no writ).  Plaintiff has not made such a showing here. Further, all warranties were expressly disclaimed so no warranties were given, and on that ground Penske would be entitled to judgment.  *See* TEX. BUS. COMM. CODE ANN. §§ 2.316 2A.214.  The rental agreement, which Plaintiff acknowledges that he signed and which the affidavit of Vaughan supports, disclaimed all  implied warranties.  Therefore, there is no fact issue and any claims for breach of an implied warranty fail.

Plaintiff has also sued for negligence.[4]  A plaintiff asserting a negligence claim must show: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.  *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).  "The threshold inquiry in a negligence case is duty."  *Id.*  A duty is "a legally

---

[4] To the extent Plaintiff seeks punitive damages, such is foreclosed.  He must establish that Penske was aware that the air suspension seat posed an extreme degree of risk and that Penske had actual, subjective awareness that seat was not functional but nevertheless proceeded to allow the truck to be rented.  *See U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118 (Tex. 2012).  No fact issue has been created on that issue.

enforceable obligation to conform to a particular standard of conduct." *Hand v. Dean Witter Reynolds Inc.,* 889 S.W.2d 483, 491 (Tex. App.–Houston [14th Dist.] 1994, writ denied) (citing *Way v. Boy Scouts of Am.,* 856 S.W.2d 230, 233 (Tex. App.– Dallas 1993, writ denied)).  To establish breach of duty, the plaintiff must show that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *Lincoln Prop. Co. v. DeShazo,* 4 S.W.3d 55, 61 (Tex. App.– Fort Worth 1999, pet. denied).

In his response to summary judgment, Plaintiff has submitted evidence to show that Scott (who rented him the truck) was not aware of any defects in "air suspension" seat.  The Court simply refuses to impose a legal duty to discover and remedy unknown dangers.  *See New Texas Auto Auction Services, L.P. v. Gomez De Hernandez*, 249 S.W.3d 400, 406 (Tex. 2008) ("In determining whether a duty should be recognized, we consider a number of factors including the risk of injury compared to the burden on the defendant and social utility of the conduct involved.").  Plaintiff has simply not provided any evidence to rebut Penske's argument that it was not negligent.  There is no proof that would create a fact issue as to any defect.  Even Plaintiff's own transcript of his recording of the event in question is ambiguous as to what happened.[5]  Even if the recording survives

---

[5] Plaintiff produced a transcript of a recording of the alleged August 1, 2009 accident which reads as follows (expletives, except "damn", redacted by Court with "*"):
"(Eric alone in truck driving)
ERIC: Especially going that far, woo.  This is going to be a really interesting situation here.
(Sounds of driving)
ERIC:  These brakes, they ain't worth a damn as far as I'm concerned.  They don't give you that – they don't give you that assurance that this sonofab**** is going to stop.  This is interesting for sure.

13

evidentiary scrutiny and is what it purports to be, there is nothing in Plaintiff's transcript to indicate

that the seat suddenly fell.  Plaintiff says it did, but that is not enough.

In fact there is nothing in Plaintiff's affidavit demonstrating that he was in fact injured or how

he was injured.  Unsupported allegations or affidavits setting forth ultimate conclusory facts are

insufficient to either support or defeat a motion for summary judgment.  *Galindo v. Precision Am.*

*Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985) (citation omitted).  If the Court considers Plaintiff's

statement to State Farm as some evidence of the incident, it still does not indicate that there was any

negligence on the part of Penske.  Plaintiff contends that air suspension seat was moving up and

down as he drove down the road.  He states that, when he drove over a "very small bump" in the

road, the seat moved in a downward motion which felt like it hit the platform of the floor of the

truck.  However, there is no evidence that would create a fact issue that the seat was defective and

there is no evidence that anyone ever complained about the seat before Plaintiff's short 15 minute

---

Well this gives me a foretaste of what – they ain't lying. That's – driving this sonofab**** all the way up there, damn. Not good. I can't – I can't imagine driving something like this up that far. S***.  I can't imagine that..
(Sounds of driving)
ERIC: Damn.  Beat your a** up.  No wonder truck drivers have hemorrhoids.  Damn. It's not even close to being comfortable.
(Inaudible).  That s***'s way up there.
(Sounds of driving)
ERIC: (Inaudible).
Damn.  Come on.  That is ridiculous.  That hurt.  That hurt.  That hurt.  Damn.
(Sounds of driving)
ERIC: Damn.  Man, that s*** hurt there.
That really hurt bad.  This is going to be a long-a** trip up there.  You ain't lying because I – I'm not going to take the freeway with this damn thing here."
Dkt. 104-3 at 9-10, pages 9:1-10:3 of court reporter's transcription; *see also* Dkt. 95-12 at 6 (Plaintiff's summary judgment evidence, attaching page 9 of transcript but not page 10).

excursion.

Further, to establish that the seat was the proximate cause of his alleged injuries, Plaintiff must establish that the injury was foreseeable. Foreseeability in determining proximate cause, as opposed to duty, is generally a question of fact. *McIntosh v. NationsBank*, 963 S.W.2d 545, 548 n.10 (Tex. App.– Houston [14th Dist] 1997, pet. denied). Foreseeability might become a question of law when the evidence is without material dispute and where only one reasonable inference may be drawn. *Ambrosio v. Carter's Shooting Center, Inc.,* 20 S.W.3d 262, 266 (Tex. App.– Houston [14th Dist.] 2000, pet. denied). Foreseeability requires that a person of ordinary intelligence would have anticipated the danger created by a negligent act or omission, although it is not required that such a person would anticipate the *precise manner* in which injury will occur once he has created a dangerous situation through his negligence. *Read v. Scott Fetzer Co.,* 990 S.W.2d 732, 737 (Tex. 1998). Penske had only to anticipate the injury that someone might be injured from an air suspension seat going over a small bump. Plaintiff has brought forth no evidence to create a fact issue regarding whether Penske had notice of similar situations. There is no evidence that there were any condition issues with the seat when Drake (or rather, M Ministries) rented the truck.

Further, there is no evidence that Plaintiff sustained any real injuries. Given his multitude of filings where he has claimed severe injuries to his cervical and lumbar spine in the past, it cannot be said that, if he was ever truly injured, it was at some time before the 2009 incident. And finally, as a practical matter, since he designated no witnesses for trial any further discussion of the merits of his case is simply a waste of time.

Plaintiff has failed to demonstrate a genuine issue of material fact as to his claims.  Even if the Court finds that dismissal is not appropriate, summary judgment for Defendant is.

As to Plaintiff's Second Request for Leave to Amend Pleadings and to Extend Discovery and for Sanctions (Dkt. 111), it is DENIED.  The pleadings and discovery deadlines have passed, *see* Dkt. 30, and Plaintiff has not shown good cause for amending the Court's scheduling order as is required under Federal Rule of Civil Procedure 16.  And, as fully discussed above, Plaintiff cannot claim surprise as to the manufacturer of the truck at issue.  It is Plaintiff's – not Defendant's – conduct in this case that warrant sanctions here.

## FINDINGS AND RECOMMENDATION

Pursuant to the foregoing and for the reasons set forth herein, Defendant Penske Truck Leasing Co., L.P.'s Motion to Strike Plaintiff Eric Drake's Experts (Dkt. 92) is GRANTED, Defendant Penske Truck Leasing Co., L.P.'s Objections to the Summary Judgment Evidence Attached to Plaintiff's Response to Penske's Motion for Summary Judgment and Motion to Strike (Dkt. 113) is GRANTED, and Plaintiff's Second Request for Leave to Amend Pleadings and to Extend Discovery and for Sanctions (Dkt. 111) is DENIED.

Further, the Court recommends that Defendant Penske Truck Leasing Co., L.P.'s Motion to Strike and Motion for Sanctions (Dkt. 106) and Defendant Penske Truck Leasing Co., L.P.'s Motion to Dismiss for Want of Prosecution (Dkt. 116) be GRANTED, that this case be DISMISSED with prejudice, that Defendant Penske be awarded its costs, and that any further suits filed by this Plaintiff in this District whether removed or not, *In Forma Pauperis* or not, be prohibited unless Plaintiff seeks permission from the Chief Judge of this District, and furnishes under oath a list of any similar

16

filings, present or past, and provides satisfactory evidence that the case has arguable merit and that the District and Division are a proper venue for the dispute.

Should the District Judge find that dismissal sanctions are not appropriate, the Court recommends, in the alternative, that Defendant Penske Truck Leasing Co., L.P.'s Motion for Summary Judgment (Dkt. 104) and Defendant Penske Truck Leasing Co., L.P.'s Second Supplement to Its Motion for Summary Judgment (Dkt. 114) be GRANTED, that Plaintiff's Motion for Summary Judgment for Liability Alone (Dkt. 95) and Plaintiff's Amended Motion for Summary Judgment for Liability Alone and Request for a Hearing (Dkt. 103) be DENIED, that Plaintiff take nothing by his claims herein, and that Defendant Penske be awarded its costs.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of September, 2013.**

_Don D. Bush_
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE